UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| JACOB C. GUY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.  3:19-cv-00641-ACA-HNJ |
| COLBERT COUNTY JAIL, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff Jacob Guy filed a *pro se* amended complaint pursuant to 42 U.S.C. § 1983 alleging claims against several Colbert County Jail officials and a nurse, all arising from a November 17, 2017 assault by other inmates on him and his resulting hearing loss.  (Doc. 11).  All of the individual named defendants filed special reports, which the magistrate judge construed as motions for summary judgment.  (Docs. 23, 25, 27).

After Mr. Guy filed responses and evidence opposing the motions for summary judgment (docs. 28, 29), the magistrate judge entered a report and recommendation (doc. 30).  The magistrate judge recommended the court *sua sponte* dismiss without prejudice Mr. Guy's claims against an unnamed jail physician and dismiss with prejudice the claims against the Colbert County Jail.  (Doc. 30 at 16–17).  The magistrate judge also recommended construing the motion for summary

judgment filed jointly by Defendants Marcus Rutland, Michael Williams, Steven Briggs Wright, and Colin James, as a motion to dismiss and granting that motion because: (1) Mr. Guy failed to state a claim or, in the alternative, failed to exhaust administrative remedies with respect to his claims against Mr. Williams; (2) Eleventh Amendment immunity barred Mr. Guy's official capacity claims against Mr. Rutland, Mr. Wright, and Mr. James; and (3) Mr. Guy failed to administratively exhaust his claims against Mr. Rutland, Mr. Wright, and Mr. James. (*Id.* at 17–25). Finally, the magistrate judge recommended granting Defendant Doris Pilkinton's motion for summary judgment on the ground that Mr. Guy was unable to create a genuine dispute of material fact on his claims against her. (*Id.* at 25–33).

Mr. Guy filed timely objections to three of the magistrate judge's recommendations: (1) the recommendation to find that Mr. Guy did not administratively exhaust his claims; (2) a purported recommendation to find that Mr. Guy's injury was not serious; and (3) the recommendation to conclude that no evidence showed a delay in treatment caused Mr. Guy's hearing loss. (Doc. 31). The court has considered these objections *de novo*. The court **OVERRULES** Mr. Guy's first objection because, although he has presented evidence that he submitted grievances, he has not alleged or presented evidence that he appealed the grievances. The court also **OVERRULES** Mr. Guy's second objection because the

magistrate judge did not recommend finding that Mr. Guy's injury was not serious. Finally, the court **OVERRULES** Mr. Guy's third objection because, although he presented evidence that delay in treatment caused his hearing loss, he did not present any evidence that Ms. Pilkinton delayed his treatment.

First, Mr. Guy objects to the magistrate judge's finding that he failed to exhaust his administrative remedies for his claims against Mr. Williams, Mr. Rutland, Mr. Wright, and Mr. James. (Doc. 31 at 1). He argues that the jail's records are incomplete and do not include all the grievances he filed. (*Id.*). In support of the motion for summary judgment, Mr. Rutland filed an affidavit setting out the Colbert County Jail's grievance procedure, which requires an inmate to file an initial grievance and then to appeal the answer "through the chain of command until it reaches the sheriff, who will make the final decision." (Doc. 25-3 at 5 ¶¶ 14–17). Mr. Rutland attested that Mr. Guy's file does not contain any grievances filed about the November 17, 2017 assault. (*Id.* at 5 ¶ 19). The evidence included a list of the grievances found in Mr. Guy's file, including the period between October 1, 2017, and February 28, 2018. (*See* Doc. 25-7 at 49). The file shows an unrelated grievance filed on November 14, 2017, with the next grievance being filed on February 5, 2018. (*Id.* at 54–55). None of the grievances included in Mr. Guy's file relate to the November 17, 2017 assault. (*See id.* at 25–70).

3

In response to this evidence, Mr. Guy attested under penalty of perjury that he filed grievances during the period between November 17, 2017 and February 5, 2018.  (Doc. 29 at 4–5, 11).  He further attested that "[a]ll the grievances are missing pertaining to Guy's assault" (*id.* at 8), and explained that he cannot produce hard copies of them because the Colbert County Jail processes all grievances through kiosks, which do not provide the inmates with copies of what they have filed (*id.* at 9).

The magistrate judge recommended finding that Mr. Guy had not presented evidence that he submitted any grievances about the assault because he had made only "vague and conclusory allegations" without providing "the approximate dates on which he submitted these grievances, the substance of the grievances, the responses he received, and whether he appealed the responses through the chain of command to the Sheriff."  (Doc. 30 at 23).  This court concludes that Mr. Guy's sworn affidavit is evidence that he filed grievances about the assault.  However, as the magistrate judge set out, administrative exhaustion under 42 U.S.C. § 1997e(a) requires that an inmate exhaust his claims by "using all steps that the agency holds out, and doing so properly . . . .  Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules."  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quotation marks and emphasis omitted).  Mr. Guy has presented no evidence indicating that he appealed any of the grievances he swears he submitted.

4

Accordingly, the court **OVERRULES** Mr. Guy's objection and **ACCEPTS** the magistrate judge's recommendation to find that Mr. Guy failed to administratively exhaust his claims against Mr. Williams, Mr. Rutland, Mr. Wright, and Mr. James.

Next, Mr. Guy objects to the report "as to [his] injury." (Doc. 31 at 2). But the magistrate judge recommended concluding that Mr. Guy presented evidence that his ear injury was a serious medical need that resulted in profound hearing loss. (Doc. 30 at 8–10, 28). Accordingly, the court **OVERRULES** this objection.

Third, Mr. Guy objects to the recommendation to find that Mr. Guy failed to present evidence showing that Ms. Pilkinton's delay in treating him caused his hearing loss. (Doc. 31 at 2). The magistrate judge based that recommendation on a medical record from a physician who saw Mr. Guy on February 2, 2018, and concluded that Mr. Guy had suffered "profound" hearing loss. (Doc. 23-2 at 16–17). In response to this evidence, Mr. Guy submitted his sworn response, in which he attested that the doctor told him "his ear could not be [repaired], [his] ear had healed improperly because he went [too] long without treatment." (Doc. 28 at 3, 13; *see also id.* at 8).

The doctor's statement to Mr. Guy is inadmissible hearsay. *See* Fed. R. Evid. 801(c) (defining "hearsay" as an out-of-court statement offered to prove the truth of the matter asserted in the statement). And, in general, the court may not consider hearsay in deciding a motion for summary judgment. *See* Fed. R. Civ. P. 56(c)(4)

5

(precluding the court from considering inadmissible evidence presented in an affidavit); *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999). But the court can consider a hearsay statement "if the statement could be reduced to admissible evidence at trial." *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1293–94 (11th Cir. 2012). A statement can be reduced to admissible form by calling the declarant to testify at trial. *Id.* at 1294. Accordingly, the court can consider Mr. Guy's testimony that the doctor told him that his ear had healed improperly and could not be repaired because of the delay in treatment.

However, even considering that evidence, Mr. Guy had not created a genuine dispute of material fact about whether Ms. Pilkinton can be liable for deliberate indifference to his serious medical need. As the magistrate judge explained, the undisputed evidence establishes that Ms. Pilkinton treated Mr. Guy promptly after the assault and that she responded to each of his complaints within a day, including by referring Mr. Guy to an on-site physician, who evaluated Mr. Guy and eventually referred him to the ENT specialist. (Doc. 30 at 29–31). This conduct cannot rise to the level of deliberate indifference to Mr. Guy's serious medical need because it does not suggest that Ms. Pilkinton disregarded the risk of delaying medical treatment. *See Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326–27 (11th Cir. 2007) ("[T]he plaintiff must prove three things: (1) subjective knowledge of a risk of serious harm;

6

(2) disregard of that risk; (3) by conduct that is more than [gross] negligence.")  (quotation marks omitted; alterations accepted).

Accordingly, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** his recommendation, as modified by this memorandum opinion. The court **WILL DISMISS** Mr. Guy's claims against the unnamed jail physician **WITHOUT PREJUDICE**; **WILL DISMISS** Mr. Guy's claims against the Colbert County Jail **WITH PREJUDICE**; **WILL DISMISS** Mr. Guy's claims against Mr. Williams **WITHOUT PREJUDICE** for failure to exhaust administrative remedies and failure to state a claim; **WILL DISMISS** Mr. Guy's official capacity claims against Mr. Rutland, Mr. Wright, and Mr. James **WITHOUT PREJUDICE** for lack of subject matter jurisdiction; and **WILL DISMISS** Mr. Guy's individual capacity claims against Mr. Rutland, Mr. Wright, and Mr. James **WITHOUT PREJUDICE** for failure to exhaust administrative remedies. The court **WILL GRANT** Ms. Pilkinton's motion for summary judgment and **WILL ENTER SUMMARY JUDGMENT** in her favor and against Mr. Guy on his claim of deliberate indifference to serious medical needs.

The court will enter a separate final judgment.

**DONE** and **ORDERED** this August 23, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE